IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL ALHOLM<br>individually and on<br>behalf of those similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>THE VRDOLYAK LAW GROUP, LLC,<br><br><br>       Defendant. | No. 1:22-cv-01820<br><br>Judge Mary M. Rowland<br><br>JURY DEMAND |

## JOINT STATUS REPORT

Plaintiff Daniel Alholm individually, and on behalf of all others similarly situated ("Mr. Alholm" or "Plaintiff"), and Defendant the Vrdolyak Law Group, LLC ("VLG" or "Defendant"), hereby file this Joint Status Report pursuant to the Court's October 13 and 21, 2022 Orders.

I. **Nature of the Case**

    a. **Counsel of Record**

Mr. Alholm's lead trial counsel is John Spragens. His local counsel is Mark Hammervold. VLG's lead trial counsel is Robert Sweeney. Other counsel of record are Mr. Sweeney's colleagues Nicole Diorio and William O'Hara.

    b. **Jurisdictional Statement**

In his complaint, Mr. Alholm includes the following jurisdictional allegations:

This Court has federal question jurisdiction pursuant to 28 U.S.C. U.S.C. § 1331 because Plaintiff alleges violations of the Federal Wiretap Act, 18 U.S.C. §§ 2511, et seq.

This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy involves more than 100 class members, the

> amount in controversy exceeds $5,000,000, exclusive of interests and costs, as each member of the proposed Class is entitled to a minimum of $10,000 in statutory damages for Defendant's violation of the Wiretap Act. Further, at least one Plaintiff and Defendant are citizens of different states. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act ("CAFA") are present.
>
> This Court also has diversity jurisdiction over Mr. Alholm's state law claims pursuant to 28 U.S.C. §§1332 and 1367.
>
> This Court has personal jurisdiction over the Defendant because its principal place of business is in the State of Illinois, where it conducted the fraudulent and illegal activity at issue in this case.

(Compl. ¶¶ 4–7, Dkt. 1.) The Complaint further alleges that Mr. Alholm is domiciled in Tennessee and VLG is based in Illinois. (*Id.*, ¶¶ 2-3.) In its motion to dismiss briefing, VLG seeks to have Alholm's federal statutory claim dismissed and notes that Alholm is not typical of his proposed class; VLG further challenges whether Alholm has properly pled diversity jurisdiction, including the amount in controversy threshold. (Dkts. 11 & 17.)[1] The Court's ruling on the motion to dismiss thus will affect the jurisdictional analysis.

  **c. Nature of Claims and Defenses, Relief, and Issues**

For Plaintiff Daniel Alholm:

Relying on representations by VLG principals about Mr. Alholm's job description, role at VLG, the resources VLG would devote to his cases, and VLG's disassociation with illegal or unethical activity, Daniel Alholm moved his successful law practice—in which he had developed a lucrative specialty representing multi-victim tort clients, particularly in carbon monoxide poisoning cases—to VLG in May 2017. Before agreeing to move his practice to VLG, Mr. Alholm

---

[1] Mr. Alholm notes that VLG challenged the amount in controversy threshold for the first time in its reply brief, waiving this argument. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[A]rguments raised for the first time in [a party's] reply brief are waived ...."). VLG responds that the amount in controversy is an element of the Court's subject matter jurisdiction and "parties cannot waive subject matter jurisdiction." *In re Green*, 42 F. App'x 815, 820 (7th Cir. 2002).

raised specific concerns that the firm's founder, Edward Vrdolyak Sr., had been disbarred and imprisoned, but VLG principals assured Mr. Alholm that VLG and its employees were not involved in any improper or illegal activity, and that any such activity was long in the past.

In August 2017, Alholm was asked by VLG principals to relocate to Nashville, Tennessee, to open VLG's Nashville office, and he agreed to do so.

Eventually, Mr. Alholm became aware that VLG took advantage of its clients through unethical fee agreements, excessive fees and costs, steering and kickback arrangements with physicians and lenders, and engaged in widespread recording of employee telephone calls without informing employees or callers it was doing so. Upon learning of the illegal surveillance and inquiring about his ethical duties with the Illinois Attorney Registration Disciplinary Committee and the Tennessee Board of Professional Responsibility, Mr. Alholm resigned from VLG on January 24, 2020. After his departure, VLG continued to market its services using his name and likeness on its website, without his permission, for many months.

He brings individual state-law claims for fraud and misappropriation of likeness and class claims under federal and state wiretap laws.

For Defendant VLG:

VLG denies the allegations made in Alholm's complaint, and contends as follows: Using false allegations that VLG was illegally recording its clients' telephone calls, Alholm defamed the firm, interfered in its contractual relationships, and stole its Tennessee-based clients. This was all a premediated scheme for which VLG filed suit in the Circuit Court of Cook County. Alholm filed no counterclaims there. Then, during negotiations over Alholm's theft of VLG's clients, Alholm attempted to extort payment from VLG by threatening to bring this lawsuit, asserting that it would be publicly embarrassing for VLG and that in exchange for millions of dollars he would not pursue

3

claims on behalf of himself, several purported classes, and he would release movie and book rights against the firm. When VLG refused to be extorted by Alholm's false claims, Alholm went ahead and filed the baseless Complaint before this Court in lieu of bringing counterclaims in VLG's existing state suit against him, and refused offers by VLG to review virtually any aspect of their phone and IT systems and personnel.

All parties have been served.

## II. Discovery and Pending Motions

### a. Discovery Needed

Mr. Alholm anticipates conducting discovery into the number and identity of proposed class members; VLG's representations to Mr. Alholm; VLG's dealings with its clients, adverse parties, experts, litigation finance lenders, courts, and regulatory bodies; VLG's telephone calling and recording software; and VLG's website and other telecommunications software.

VLG anticipates conducting discovery regarding Alholm's communications with and work on behalf of clients, including former or current VLG clients; the terms and undertakings of Alholm's employment with VLG; Alholm's communications with VLG representatives, leadership, and/or employees; Alholm's communications with regulatory bodies; Alholm's beliefs and knowledge regarding the recording capacity (or lack thereof) of VLG's communications equipment and his investigation regarding the same; and the allegations in Alholm's complaint generally.

The Parties anticipate expert discovery will be needed.

### b. Proposed Schedule

The Parties jointly propose the following case management schedule:

| Type of Deadline | Proposal |
|---|---|
| Initial Disclosures | November 4, 2022 |
| First Written Discovery May Be Issued | November 18, 2022 |
| Deadline for Class Certification Motion | May 19, 2023 |
| Deadline for Response to Class Certification Motion | June 9, 2023 |
| Deadline for Reply ISO Class Certification | June 30, 2023 |
| Close of Fact Discovery and Fact Witness Depositions | September 15, 2023 |
| Expert Disclosure Deadline (both parties) | November 11, 2023 |
| Expert Deposition Deadline | January 19, 2024 |
| Dispositive Motion Deadline | April 18, 2024 |

c. **Pending and Anticipated Motions**

VLG has filed a Motion to Dismiss, which is fully briefed. On October 13, 2022, VLG filed a motion for sanctions. Mr. Alholm anticipates filing a Motion for Class Certification after conducting sufficient discovery and both parties may file a Motion for Summary Judgment or Partial Summary Judgment.

d. **Electronic Service of Pleadings and Other Papers**

The Parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

### III. Trial

There has been a jury demand in this case. The Parties anticipate a dispositive motion deadline in April 2024, likely resulting in a trial date in fall 2024. At this time, before a determination regarding class allegations, it is premature to estimate the length of trial.

### IV. Consent and Settlement Discussions

The parties do not unanimously consent to proceed before a magistrate judge.

Before the filing of this lawsuit, the parties engaged in a protracted period of negotiations involving written communications, calls between counsel, and, eventually, Zoom meetings including VLG principals, Mr. Alholm, and counsel. These negotiations were aimed at resolving referral fees, quantum meruit issues, and VLG's claims against Mr. Alholm in litigation currently pending in state court. (Both sides deny that each other's claims have merit.) Pre-suit negotiations were unsuccessful.

Mr. Alholm has previously proposed engaging a mediator to facilitate settlement talks and remains willing to do so, on a class-wide basis, before the parties undertake extensive document and written discovery, conduct dozens of depositions, and engage in further motion practice. VLG believes alternative dispute resolution on a class wide basis is premature. Additionally, should alternative dispute resolution move forward, VLG believes that a settlement conference before a magistrate would be more efficient than the engagement of a private mediator. Mr. Alholm is willing to engage in mediation with a magistrate.

### V. Motion for Sanctions

The parties have agreed to redactions on a public version of VLG's motion for sanctions, which will be filed on or before October 31, 2022 per this Court's order.

Dated: October 27, 2022                    Respectfully submitted,

/s/ John T. Spragens
John Spragens (TN Bar No. 31445) (N.D. Ill. General Bar)
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff and the Proposed Class*

-and-

/s/ William C. O'Hara
Robert D. Sweeney
William C. O'Hara
SWEENEY, SCHARKEY & BLANCHARD LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500

*Counsel for Defendant Vrdolyak Law Group, LLC*

7