**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL ALHOLM, individually and on behalf of those similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:22-cv-01820 |
| v. | ) ) ) | Hon. Mary M. Rowland |
| THE VRDOLYAK LAW GROUP, LLC, | ) ) | |
| *Defendant.* | ) ) | |

<u>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**</u>

Defendant the Vrdolyak Law Group, LLC ("<u>VLG</u>"), by and through its undersigned counsel, submits the following answer and affirmative defenses to the allegations remaining in the complaint brought by Plaintiff Daniel Alholm ("<u>Alholm</u>"):

**NATURE OF THE ACTION**

1. Plaintiff Daniel Alholm brings this action, on behalf of himself and a Class of similarly situated individuals, against Defendant VLG for violations of the Wiretap Act and related state laws, and on behalf of himself for fraud and violations of his publicity and likeness rights, as more fully described herein.

<u>**ANSWER**</u>: Admit that Alholm brings an action for violations of the Wiretap Act, related state laws, for fraud (which the Court has already dismissed), and violations of his publicity and likeness rights; deny that he and the purported class are similarly situated.

**PARTIES**

2. Plaintiff, Daniel Alholm ("Mr. Alholm"), is an adult citizen and resident of the State of Tennessee.

**ANSWER**: Defendant lacks information sufficient to admit or deny the allegations contained in paragraph 2 and accordingly denies the same.

3. Defendant The Vrdolyak Law Group, LLC, is a domestic limited liability company with its headquarters and principal place of business at 9618 S. Commercial Ave., Chicago, Illinois 60617.

**ANSWER**: Admit.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. U.S.C. § 1331 because Plaintiff alleges violations of the Federal Wiretap Act, 18 U.S.C. §§ 2511, *et seq.*

**ANSWER**: This paragraph contains a legal conclusion to which no answer is necessary.

5. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy involves more than 100 class members, the amount in controversy exceeds $5,000,000, exclusive of interests and costs, as each member of the proposed Class is entitled to a minimum of $10,000 in statutory damages for Defendant's violation of the Wiretap Act. Further, at least one Plaintiff and Defendant are citizens of different states. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act ("CAFA") are present.

**ANSWER**: This paragraph contains a legal conclusion to which no answer is necessary.

6. This Court also has diversity jurisdiction over Mr. Alholm's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

**ANSWER**: This paragraph contains a legal conclusion to which no answer is necessary.

7. This Court has personal jurisdiction over the Defendant because its principal place of business is in the State of Illinois, where it conducted the fraudulent and illegal activity at issue in this case.

**ANSWER**: This paragraph contains a legal conclusion to which no answer is necessary.

8. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)-(c), because Defendant VLG is deemed to reside in any judicial district in which it is subject to personal jurisdiction and the time the action is commenced, a substantial part of the events giving rise to this lawsuit occurred in this District, and Defendant caused harm to Class members residing in this District.

**ANSWER**: This paragraph contains a legal conclusion to which no answer is necessary.

## STATEMENT OF FACTS AND ALLEGATIONS

[The allegations contained in paragraphs 9 through 35 of the Complaint related to the fraud count that this court has dismissed; as such, no response is necessary.]

### II. VLG's Culture of Surreptitious Surveillance of Clients, Employees, and Others

#### 1. Eddie Vrdolyak's Fixation with Employee Surveillance

36. Upon information and belief, Eddie Vrdolyak, managing partner of VLG, has a fixation with audio and video surveillance.

**ANSWER**: Deny.

37. Each of VLG's Chicago and Nashville offices have been, and, upon information and belief, remain equipped with a network of audio and video surveillance cameras, which Mr. Vrodlyak monitored from his office that contained numerous screens for purposes of video surveillance.

**ANSWER**: Deny.

38. Mr. Vrdolyak, who worked in one of the Chicago VLG offices, directed an employee to call Mr. Alholm to tell him that he was watching the cameras for the Nashville office and could see that the employees there were spending too much time on their cell phones.

**ANSWER**: Admit that Mr. Vrdolyak was able to observe common areas of the Nashville office via security cameras, that excessive personal cell phone usage (in violation of VLG office rules) was occurring, and that Mr. Alholm (who was purportedly overseeing the Nashville office) was told of the improper cell phone usage; deny the remaining allegations.

39. Mr. Vrdolyak also routinely instructed subordinate VLG employees to monitor each other's conversations, and regularly directed these employees to conduct "voicemail audits," wherein VLG employees reviewed other employees' phone voicemail messages. These employees were instructed by Mr. Vrdolyak to report all unanswered voicemail messages to him.

**ANSWER**: Defendant denies that employees were instructed to "monitor each other's conversations" and that employees reviewed "other employees' phone voicemail messages." Defendant did ask employees how many "unopened" voicemail messages they had and how long ago the messages were created. Defendant denies all remaining allegations in paragraph 39.

40. In early February 2019, Mr. Vrdolyak instructed VLG employee Sean Gaughan to "pull the tape" of a conference call that occurred on February 7, 2019 between VLG employees in the Nashville office and Mr. Vrdolyak to determine if VLG employees were making disparaging remarks about Mr. Vrdolyak while the conference room phone was muted.

**ANSWER**: Deny.

41. Upon information and belief, these employees were not aware that their meeting was audio-visually recorded.

**ANSWER**: Deny, as meeting was not audio-visually recorded.

42. On February 8, 2019, Mr. Vrdolyak held a phone call with Mr. Alholm and other VLG employees informing them that he had a recording of the conversation in the conference room, that

- 4 -

employees had made derogatory comments about him while the phone was muted and that the employees involved in making the derogatory comments would be terminated.

**ANSWER**: Admit that Mr. Vrdolyak had a telephone call with Alholm on that date; admit that during that call, to protect the identity of a whistleblowing employee, Mr. Vrdolyak told Alholm a recording of the derogatory comments existed; admit that the derogatory comments led to the dismissal of the certain employees. Deny that any recording of conversation in the conference room took place.

43. Later that day or the next day, Peter Vrdolyak, another partner at VLG, called Mr. Alholm and informed him that he had also heard the recording.

**ANSWER**: Admit that Peter Vrdolyak had a phone conversation with Alholm and that any representation regarding hearing a recording was made because the employee that directly provided the information about the derogatory comments requested that her identity remain confidential. Deny that Peter Vrdolyak heard any recording or that any recording of the conversation was made.

44. Eddie Vrdolyak later stated that the conference room conversation was not actually recorded, but that he had been told about the disparaging comments from another VLG employee who was in the conference room when the comments were made.

**ANSWER**: Admit that Mr. Vrdolyak truthfully stated that there was not a recording of the conversation because no such recording existed; admit that Mr. Vrdolyak learned of the disparaging comments from another employee that requested her identity remain confidential. Otherwise deny.

45. Eddie Vrdolyak later explained that he had lied about there being a recording of the conference room conversation—and instructed Mr. Gaughan and Peter Vrdolyak to lie—in an effort to protect the reporting employee from retaliation from other VLG employees.

**ANSWER**: Admit that Mr. Vrdolyak explained to Alholm later, but prior to Alholm's filing of this litigation, that no recording of the conversation was ever made and the statement sought to protect against the disclosure of the identity of an employee who informed him of the disparaging remarks because that employee requested her identity remain confidential; otherwise denied.

**2. Mr. Alholm Learns of VLG's Database of Illegally Recorded Phone Calls**

46. In January 2020, VLG's office telecommunications software was upgraded to a new SIPCOM telephone system, which, in addition to customary business communication services, was expressly marketed for its "call recording" functionality.

**ANSWER**: Deny.

47. In early January 2020, Mr. Alholm had a phone call with VLG employee, Mr. G, about Mr. G resigning from VLG. Mr. G was seemingly uncomfortable to talk to Mr. Alholm. At the time, Mr. Alholm believed that there was another VLG employee in Mr. G's office and therefore, Mr. G was unwilling to speak candidly.

**ANSWER**: Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph and accordingly deny the same.

48. On January 9, 2020, Mr. G called Mr. Alholm to caution him about what he discussed on his work phone because all phone calls made on VLG phones were being recorded and existed in a database on the computer. Mr. G informed Mr. Alholm that he was able to "look up" his phone calls, "click on them" and listen to them.

**ANSWER**: Deny that "all phone calls made on VLG phones were being recorded and existed in a database on the computer"; Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and accordingly denies the same.

49. Upon learning of the illegal surveillance and inquiring about his ethical duties to the Illinois Attorney Registration Disciplinary Committee and the Tennessee Board of Professional Responsibility, Mr. Alholm resigned from VLG on January 24, 2020.

**ANSWER**: Admit that Alholm resigned on the date alleged, after he solicited VLG clients to terminate their relationship with VLG; deny that illegal surveillance occurred. Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and accordingly denies the same.

50. A VLG IT employee/consultant also told Mr. Alholm that all phone calls at the downtown Chicago office had been recorded, though at the time of the conversation, Mr. Alholm believed it was an innocent mistake that had been remedied.

**ANSWER**: Deny that conversation occurred as alleged; Defendant is without sufficient knowledge to admit or deny the remaining allegations in this paragraph and accordingly denies the same.

**III. VLG's Actions Continue to Cause Professional Harm to Mr. Alholm and the Class**

51. As a result of VLG's actions, Mr. Alholm suffered and continues to suffer reputational harm, invasion of privacy, and his forced resignation.

**ANSWER**: Deny.

52. As a result of VLG's actions, Mr. Alholm and all class members suffered an invasion of privacy and other harms.

**ANSWER**: Deny.

## DISCOVERY RULE, FRAUDULENT CONCEALMENT TOLLING, AND ESTOPPEL

53. Plaintiff repeats and re-alleges the allegations set forth above. At all times relevant to this Complaint, Defendant and its agents took active steps to conceal their unlawful activities, including the unlawful recording and fraudulent acts alleged herein. For example and without limitation, Defendant and its agents concealed their efforts to wiretap Plaintiff and the Class and continued to tell Plaintiff and the Class that no recordings has been made. Nor did Defendant tell Plaintiff and the Class it had defrauded clients or would fail to devote resources and effort necessary to pursue litigation, contrary to its representations.

**ANSWER**: Defendant repeats and restates its answers to the allegations set forth above. As to additional allegations in this paragraph, deny.

54. As a result of VLG's actions, Mr. Alholm and all class members suffered an invasion of privacy and other harms.

**ANSWER**: Deny.

55. **Discovery Rule:** Plaintiff and the members of the Class had no knowledge of the harms or fraud alleged herein, or of facts sufficient to place them on inquiry notice of the claims set forth herein, until in the case of Mr. Alholm on or about (at the earliest) January 9, 2020, the date upon which Mr. Alholm learned of the illegal recording at issue in this case. Before and following that date, Defendant actively concealed the fraud and illegal recording in this case both from Plaintiff and the Class. For these reasons, the statute of limitations as to Plaintiff's and the Class's claims did not begin to run, and has been tolled with respect to the claims that Plaintiff and the members of the Class have alleged in this Complaint.

**ANSWER**: Deny.

56. **Fraudulent Concealment:** In the alternative, application of the doctrine of fraudulent concealment tolled the statute of limitations on the claims asserted herein by Plaintiff and the Class. Plaintiff and the members of the Class did not discover, and could not discover through the exercise of reasonable diligence, the existence of the illegal recording and fraud alleged herein until on or about (at the earliest, in the case of Plaintiff only) January 9, 2020. Before that time, Plaintiff and the members of the Class were unaware of Defendant's unlawful conduct, and did not know before then that Defendant was illegally recording and defrauding Plaintiff and Class members. Defendants provided no information, actual or constructive, to Plaintiff and members of the Class that they were being injured by Defendants unlawful conduct, and moreover took steps to conceal that conduct before and after January 9, 2020. Defendant specifically denied recording Plaintiff and the Class up through and until the date of the filing of this Complaint, Plaintiff and the members of the Class could not have discovered the alleged unlawful activity, including the conspiracy or combination alleged herein, at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by the Defendant and its agents to avoid detection of, and fraudulently conceal, its and their unlawful conduct.

**ANSWER**: Admit that Defendant denied recording Plaintiff's telephone communications and the telephone communications of VLG employees and others because no intentional recording occurred; otherwise denied.

57. VLG and Mr. Alholm executed an agreement, for good and valuable consideration, that tolled the statute of limitations with respect to the illegal call recording allegations in this Complaint. Mr. Alholm relies on that agreement in bringing these claims on behalf of himself and the Class.

**ANSWER**: Deny.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings this action on behalf of himself, and behalf of all other persons similarly situated (hereinafter and before referred to as "the Class").

**ANSWER**: Admit that Plaintiff brings his action on behalf of himself and a purported Class; deny that purported Class actually exists and deny that Alholm and proposed Class are similarly situated.

59. Plaintiff proposes the following Class definition, subject to amendment as appropriate: All persons in the United States whose wire, oral, or electronic communications were intercepted by Defendant VLG from January 9, 2018 through the present. Collectively, all these persons will be referred to as "Class members."

**ANSWER**: Admit that Alholm proposes the above class; deny that purported Class actually exists.

60. Plaintiff represents, and is a member of, the Class. Excluded from the Class is Defendant and any entities in which a Defendant has a controlling interest, Defendant's, partners, officers, directors, agents and legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiff's counsel, and Defendant's Counsel.

**ANSWER**: Deny.

61. Plaintiff does not know the exact number of members in the Class, but on information and belief, the number of Class members at minimum is in the hundreds.

**ANSWER**: Deny.

62. Plaintiff and all members of the Class have been harmed by Defendant's acts, including, but not limited to, intercepting and/or recording Class members' wire, oral, and/or electronic communications during the class period.

**ANSWER**: Deny.

63. This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER**: Admit.

64. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant and/or any vendors who intercepted and/or recorded the illegal calls on its behalf.

**ANSWER**: Deny.

65. There are well defined, nearly identical, questions of law and fact affecting all Class members. The questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant illegally intercepted the wire, oral, and/or electronic communications of Plaintiff and the Class;

b. Whether Defendant defrauded Plaintiff and the Class;

c. Whether Defendant is liable to Plaintiff and the Class for damages, and the amount of such damages;

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER**: Deny.

66. As a person whose phone calls were intercepted, recorded, and monitored without his knowledge or consent, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class and have no interests which are antagonistic to any member of the Class.

**ANSWER**: Deny.

67. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state fraud and wiretapping statutes, including federal and state consumer protection claims involving statutory damages such as those brought under the Wiretap Act.

**ANSWER**: Defendant is without sufficient knowledge to admit or deny the allegations in this paragraph and accordingly denies the same.

68. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the Wiretap Act. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for the violation of the Wiretap Act are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because damages are set by statute and the Class and class period are discrete.

**ANSWER**: Deny.

69. Defendant has acted on grounds applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole, most appropriate. Moreover, on information and belief, Plaintiff alleges that the Wiretap Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**ANSWER**: Deny.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FRAUD
### (On Behalf of Plaintiff Daniel Alholm, individually)

[The Court has dismissed Alholm's fraud claim and no responses to the allegations in paragraphs 70 through 75 is necessary.]

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2511, *ET SEQ.*
### (On Behalf of Plaintiff Daniel Alholm, and the Class)

76. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: Defendant repeats and restates its answers to the foregoing paragraphs.

77. 18 U.S.C. § 2511 provides, in relevant part, that: (1) . . . [A]ny person who--(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; [or] (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

**ANSWER**: Admit.

78. Upon information and belief, VLG has intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiff's and Class

members' wire or electronic communications in violation of 18 U.S.C. § 2511(1)(a), as alleged herein; and/or

**ANSWER**: Deny.

79. Upon information and belief, VLG has intentionally disclosed, or endeavored to disclose, to another person the contents of Plaintiff's and Class members' wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1)(c), as alleged herein; and/or

**ANSWER**: Deny.

80. Upon information and belief, VLG has intentionally used, or endeavored to use, the contents of Plaintiff's and Class members' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(d), as alleged herein.

**ANSWER**: Deny.

81. VLG did not notify Plaintiff or Class members of the above-described intentional interception, disclosure, and/or use of their wire or electronic communications, nor did Plaintiffs or Class members consent to such interception, disclosure, and or use.

**ANSWER**: Deny that any such intentional interception, disclosure, and/or use occurred.

82. Upon information and belief, VLG is currently engaged in and will continue to engage in the above-described intentional interception, disclosure, and/or use of Plaintiff's and Class members' wire or electronic communications, and therefore, are entitled to and do seek injunctive relief prohibiting VLG from violating provisions of the Federal Wiretap Act in the future.

**ANSWER**: Deny.

83. As a result of VLG's intentional interception, disclosure, and/or use of Plaintiff's and Class members' wire or electronic communications in violation of 18 U.S.C. § 2511 *et seq.*, Plaintiff and each Class member are entitled to: actual damages and any profits made by VLG as a result of its violations; or statutory damages of whichever is the greater of $100 per day for each day of violation or $10,000; punitive damages; and an award of attorneys' fees and costs, pursuant to 18 U.S.C. § 2520.

**ANSWER**: Deny.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TENNESSEE WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT, T.C.A. § 39-13-601, *ET SEQ.*
### (On Behalf of Plaintiff Daniel Alholm and the Class)

84. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: Defendant repeats and restates its answers to the foregoing paragraphs.

85. T.C.A. § 39-13-601 provides, in relevant part, that: (a)(1) . . . [A] person commits an offense who: (A) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . (C) Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection (a); or (D) Intentionally uses, or endeavors to use, the contents of any wire, oral or electronic communication, knowing or having reason to know, that the information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection (a). It further provides that: A violation of subdivision (a)(1) . . . shall be subject to suit as provided in § 39-13-603.

**ANSWER**: Admit.

86. Upon information and belief, VLG has intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiff's and Class members' wire or electronic communications in violation of T.C.A. § 39-13-601(a)(1)(A), as alleged herein; and/or

**ANSWER**: Deny.

87. Upon information and belief, VLG has intentionally disclosed, or endeavored to disclose, to another person the contents of Plaintiff's and Class members' wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of T.C.A. § 39-13-601(a)(1)(C), as alleged herein; and/or

**ANSWER**: Deny.

88. Upon information and belief, VLG has intentionally used, or endeavored to use, the contents of Plaintiff's and Class members' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of T.C.A. § 39-13-601(a)(1)(D), as alleged herein.

**ANSWER**: Deny.

89. VLG did not notify Plaintiff or Class members of the above-described intentional interception, disclosure, and/or use of their wire or electronic communications, nor did Plaintiff or Class members consent to such interception, disclosure, and or use.

**ANSWER**: Deny that any such intentional interception, disclosure, and/or use occurred.

90. Upon information and belief, VLG is currently engaged in and will continue to engage in the above-described intentional interception, disclosure, and/or use of Plaintiff's and Class

members' wire or electronic communications, and therefore, are entitled to and do seek injunctive relief prohibiting VLG from violating provisions of the Tennessee Wiretapping and Electronic Surveillance Act in the future.

**ANSWER**: Deny.

91. As a result of VLG's intentional interception, disclosure, and/or use of Plaintiff's and Class members' wire or electronic communications in violation of T.C.A. § 39-13-601 *et seq.*, Plaintiff and each Class member are entitled to: actual damages and any profits made by VLG as a result of its violations; or statutory damages of whichever is the greater of $100 per day for each day of violation or $10,000; punitive damages; and an award of attorneys' fees and costs, pursuant to T.C.A. § 39-13-603.

**ANSWER**: Deny.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE ILLINOIS EAVESDROPPING ACT,**
**IL ST CH 720 § 5/14-1, *ET SEQ.***
**(On Behalf of Plaintiff Daniel Alholm and the Class)**

92. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: Defendant repeats and restates its answers to the foregoing paragraphs.

93. 720 Ill. Comp. Stat. Ann. 5/14-2 provides, in relevant part, that: (a) A person commits eavesdropping when he or she knowingly and intentionally: (1) Uses an eavesdropping device, in a surreptitious manner, for the purpose of overhearing, transmitting, or recording all or any part of any private conversation to which he or she is not a party unless he or she does so with the consent of all of the parties to the private conversation; (2) Uses an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private

conversation; . . . or (5) Uses or discloses any information which he or she knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of this Article, unless he or she does so with the consent of all of the parties.

**ANSWER**: Admit.

94. Upon information and belief, VLG has knowingly and intentionally used an eavesdropping device, in a surreptitious manner, for the purpose of overhearing, transmitting, or recording all or any part of Plaintiff's and Class members' private conversation, communications in violation of 720 Ill. Comp. Stat. Ann. 5/14-2(1), as alleged herein; and/or

**ANSWER**: Deny.

95. Upon information and belief, VLG used an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which VLG agents or employees were a party in violation of 720 Ill. Comp. Stat. Ann. 5/14-2(2), as alleged herein; and/or

**ANSWER**: Deny.

96. Upon information and belief, VLG has used or disclosed any information which it knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of 720 Ill. Comp. Stat. Ann. 5/14-1 *et seq.*, as alleged herein.

**ANSWER**: Deny.

97. VLG did not notify Plaintiff or Class members of the above-described intentional interception, disclosure, and/or use of their wire or electronic communications, nor did Plaintiff or Class members consent to such interception, disclosure, and or use.

**ANSWER**: Deny that any such intentional interception, disclosure, and/or use occurred.

98. Upon information and belief, VLG is currently engaged in and will continue to engage in the above-described intentional interception, disclosure, and/or use of Plaintiff's and Class members' wire or electronic communications, and therefore, are entitled to and do seek injunctive relief prohibiting VLG from violating provisions of the Illinois Eavesdropping Act in the future.

**ANSWER**: Deny.

99. As a result of VLG's intentional interception, disclosure, and/or use of Plaintiff's and Class members' wire or electronic communications in violation of 720 Ill. Comp. Stat. Ann. 5/14-1 *et seq.*, Plaintiff and each Class member are entitled to: an injunction by this Court prohibiting further prohibiting further eavesdropping by VLG; actual damages as a result of VLG's violations; and punitive damages, pursuant to 720 Ill. Comp. Stat. Ann. 5/14-6.

**ANSWER**: Deny.

**FIFTH CAUSE OF ACTION**
**MISAPPROPRIATION OF LIKENESS IN VIOLATION OF THE**
**TENNESSEE PERSONAL RIGHTS PROTECTION ACT OF 1984, T.C.A. § 47-25-1101, *ET SEQ.***
**(On Behalf of Plaintiff Daniel Alholm, individually)**

100. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: Defendant repeats and restates its answers to the foregoing paragraphs.

101. T.C.A. § 47-25-1105 provides, in relevant part, that (a) Any person who knowingly uses or infringes upon the use of another individual's name, photograph, or likeness in any medium, in any manner directed to any person other than such individual, as an item of commerce for purposes of advertising products, merchandise, goods, or services, . . . without such individual's prior consent, . . . shall be liable to a civil action.

**ANSWER**: Admit.

102. VLG knowingly and intentionally used Mr. Alholm's name, photograph, and likeness on VLG's website without his permission to falsely advertise Mr. Alholm as an attorney employed by VLG in violation of T.C.A. § 47-25-1105.

**ANSWER**: Deny.

103. VLG willfully continued to falsely advertise Mr. Alholm as a VLG employee when Mr. Alholm's name, photograph, and likeness remained on VLG's website for 27 months after Mr. Alholm departed and many months after he requested that his name and photograph be removed.

**ANSWER**: Deny.

104. Mr. Alholm's likeness continues to be displayed on VLG's website to this day.

**ANSWER**: Deny.

105. As a result of VLG's knowing and intentional use of Mr. Alholm's name, photograph, and likeness impermissibly for over 27 months, Mr. Alholm suffered actual damages as described herein.

**ANSWER**: Deny.

### SIXTH CAUSE OF ACTION
### MISAPPROPRIATION OF LIKENESS IN VIOLATION OF THE
### ILLINOIS RIGHTS OF PUBLICITY ACT, 765 Ill. Comp. Stat. Ann. 1075/1, *ET SEQ.*
### (On Behalf of Plaintiff Daniel Alholm, individually)

106. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: Defendant repeats and restates its answers to the foregoing paragraphs.

107. 765 Ill. Comp. Stat. Ann. 1075/30 provides, in relevant part, that: (a) A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person. . .

**ANSWER**: Admit.

108. VLG knowingly and intentionally used Mr. Alholm's name and photograph on VLG's website to falsely advertise Mr. Alholm as an attorney employed by VLG in violation of 765 Ill. Comp. Stat. Ann. 1075/30.

**ANSWER**: Deny.

109. VLG's use of Mr. Alholm's name and photograph on its website was for a "commercial purpose" as defined by 765 Ill. Comp. Stat. Ann. 1075/5.

**ANSWER**: Deny.

110. VLG did not obtain Mr. Alholm's consent for the continued use of is name and photograph as required by 765 Ill. Comp. Stat. Ann. 1075/30.

**ANSWER**: Deny the continued use of Alholm's name or photograph.

111. VLG's continued use Mr. Alholm's name and photograph, purporting him to be a VLG employee, on VLG's website for many months after Mr. Alholm requested that his name and photograph be removed, constitutes a willful violation of 765 Ill. Comp. Stat. Ann. 1075/30.

**ANSWER**: Deny.

112. As a result of VLG's knowing, intentional, and willful use of Plaintiff's name and photograph, Plaintiff is entitled to: the greater of Mr. Alholm's actual damages, VLG's profits derived from its unauthorized use, or $1,000; punitive damages pursuant to 765 Ill. Comp. Stat. Ann. 1075/40; and attorney's fees and costs pursuant to 765 Ill. Comp. Stat. Ann. 1075/55.

**ANSWER**: Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – LACK OF STANDING

- 21 -

1.      Alholm cannot bring claims for violations of the Wiretap Act or state analogues because his telephone calls were not recorded.  Further, even if Alholm's calls had been recorded he lacks a concrete injury necessary to confer Article III standing.

### SECOND AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

2.      Alholm has failed to state a federal cause of action.

### THIRD AFFIRMATIVE DEFENSE – LACHES

3.      Alholm has waited too long to bring his claims and they are barred by laches.

### FOURTH AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS

4.      Alholm's claims are barred by statutes of limitations, as his wiretapping claims were barred before the Parties' tolling agreement was executed.

### FIFTH AFFIRMATIVE DEFENSE – UNCLEAN HANDS

5.      Alholm's claims and his ability to recover are barred by his own unclean hands.

### SIXTH AFFIRMATIVE DEFENSE – SPOLIATION

6.      Alholm's claims are barred by his participation in the spoliation of evidence.

### SEVENTH AFFIRMATIVE DEFENSE – MISCONDUCT

7.      Alholm's claims are barred by litigation misconduct; namely, contacting agents of VLG despite knowing VLG was represented by counsel, in violation of Rule 4.2 of the Rules of Professional Conduct.

### EIGHTH AFFIRMATIVE DEFENSE – LACK OF JURISDICTION

8.      The court lacks diversity jurisdiction over Alholm's claims.

### NINTH AFFIRMATIVE DEFENSE – NO DAMAGES

9.      Even if Alholm's allegations were true, he has suffered no damages.

Dated: February 24, 2023        Respectfully submitted,

<u>/s/ Robert D. Sweeney</u>
Robert D. Sweeney
William H. O'Hara
Nicole E. DiOrio
SWEENEY, SCHARKEY & BLANCHARD LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500

*Counsel for Defendant Vrdolyak Law Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

/s/ Robert D. Sweeney