IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL ALHOLM, JEANNETTE ALICEA, LUCERO DEL REAL, DANIEL GALLAGHER, PENNY JACKSON, RODNEY SMITH, and ERICA VILLAGOMEZ, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE VRDOLYAK LAW GROUP, LLC,<br><br>Defendant. | No. 1:22-cv-01820<br>Judge Mary M. Rowland<br><br>JURY DEMAND |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Daniel Alholm, Jeannette Alicea, Lucero Del Real, Daniel Gallagher, Penny Jackson, Rodney Smith, and Erica Villagomez (collectively "Plaintiffs") individually, and on behalf of all others similarly situated, and by and through the undersigned counsel, bring this Class Action Complaint against Defendant the Vrdolyak Law Group, LLC (referred to herein as "VLG" or "Defendant"), and allege the following based upon personal knowledge, investigation of counsel, and upon information and belief as follows:

**NATURE OF THE ACTION**

1.  Plaintiffs—former VLG employees who were employed at VLG in and before 2019 and 2020—bring this action, on behalf of themselves and a Class of similarly situated individuals, against Defendant VLG for violations of the Wiretap Act and the Illinois Eavesdropping Act, and on behalf of Plaintiff Alholm for violations of his publicity and likeness rights, as more fully described herein.

1

**PARTIES**

2. Plaintiff Daniel Alholm ("Plaintiff Alholm" or "Mr. Alholm") is an adult citizen and resident of the state of Illinois. He was a resident of the State of Tennessee at the time this case was initiated on April 7, 2022.

3. Plaintiff Jeannette Alicea ("Plaintiff Alicea" or "Ms. Alicea") is an adult citizen and resident of the state of Illinois.

4. Plaintiff Lucero Del Real ("Plaintiff Del Real" or "Ms. Del Real") is an adult citizen and resident of the state of Illinois.

5. Plaintiff Daniel Gallagher ("Plaintiff Gallagher" or "Mr. Gallagher") is an adult citizen and resident of the state of Illinois.

6. Plaintiff Penny Jackson ("Plaintiff Jackson" or "Ms. Jackson") is an adult citizen and resident of the state of Illinois.

7. Plaintiff Rodney Smith ("Plaintiff Smith" or "Mr. Smith") is an adult citizen and resident of the state of Illinois.

8. Plaintiff Erica Villagomez ("Plaintiff Villagomez" or "Ms. Villagomez") is an adult citizen and resident of the state of Illinois.

9. Defendant The Vrdolyak Law Group, LLC, is a domestic limited liability company with its headquarters and principal place of business at 9618 S. Commercial Ave., Chicago, Illinois 60617.

**JURISDICTION AND VENUE**

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. U.S.C. § 1331 because Plaintiff alleges violations of the Federal Wiretap Act, 18 U.S.C. §§ 2511, *et seq.*

11. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy involves more than 100 class members, the amount in controversy exceeds $5,000,000, exclusive of interests and costs, as each member of the proposed Class is entitled to a minimum of $10,000 in statutory damages for Defendant's violation of the Wiretap Act. Further, at least one Plaintiff and Defendant were citizens of different states at the time the Complaint was filed. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act ("CAFA") are present.

12. This Court also has diversity jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

13. This Court has personal jurisdiction over the Defendant because its principal place of business is in the State of Illinois, where it conducted the fraudulent and illegal activity at issue in this case.

14. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)-(c), because Defendant VLG is deemed to reside in any judicial district in which it is subject to personal jurisdiction and the time the action is commenced, a substantial part of the events giving rise to this lawsuit occurred in this District, and Defendant caused harm to Class members residing in this District.

## STATEMENT OF FACTS AND ALLEGATIONS[1]

I. **VLG's Culture of Surreptitious Surveillance of Clients, Employees, and Others**

   1. **Eddie Vrdolyak's Fixation with Employee Surveillance**

---

[1] Section I of the Original Complaint's Statement of Facts and Allegations is omitted based solely upon the Court's January 17, 2023 Order dismissing Count I (Fraud) of the Original Complaint. Plaintiffs and the Class reserve all rights with respect to the dismissed fraud claims.

15. Upon information and belief, Eddie Vrdolyak, managing partner of VLG, has a fixation with audio and video surveillance.

16. Each of VLG's Chicago and Nashville offices have been, and, upon information and belief, remain equipped with a network of audio and video surveillance cameras, which Mr. Vrodlyak monitored from his office that contained numerous screens for purposes of video surveillance.

17. Mr. Vrdolyak, who worked in one of the Chicago VLG offices, directed an employee to call Mr. Alholm to tell him that he was watching the cameras for the Nashville office and could see that the employees there were spending too much time on their cell phones.

18. Mr. Vrdolyak also routinely instructed subordinate VLG employees to monitor each other's conversations, and regularly directed these employees to conduct "voicemail audits," wherein VLG employees reviewed other employees' phone voicemail messages. These employees were instructed by Mr. Vrdolyak to report all unanswered voicemail messages to him.

19. In early February 2019, Mr. Vrdolyak instructed VLG employee Sean Gaughan to "pull the tape" of a conference call that occurred on February 7, 2019 between VLG employees in the Nashville office and Mr. Vrdolyak to determine if VLG employees were making disparaging remarks about Mr. Vrdolyak while the conference room phone was muted.

20. Upon information and belief, these employees were not aware that their meeting was audio-visually recorded.

21. On February 8, 2019, Mr. Vrdolyak held a phone call with Mr. Alholm and other VLG employees informing them that he had a recording of the conversation in the conference room, that employees had made derogatory comments about him while the phone was muted and that the employees involved in making the derogatory comments would be terminated.

22. Later that day or the next day, Peter Vrdolyak, another partner at VLG, called Mr. Alholm and informed him that he had also heard the recording.

23. Eddie Vrdolyak later stated that the conference room conversation was not actually recorded, but that he had been told about the disparaging comments from another VLG employee who was in the conference room when the comments were made.

24. Eddie Vrdolyak later explained that he had lied about there being a recording of the conference room conversation—and instructed Mr. Gaughan and Peter Vrdolyak to lie—in an effort to protect the reporting employee from retaliation from other VLG employees.

### 2. **Mr. Alholm Learns of VLG's Database of Illegally Recorded Phone Calls**

25. In January 2020, VLG's office telecommunications software was upgraded to a new SIPCOM telephone system, which, in addition to customary business communication services, was expressly marketed for its "call recording" functionality.

26. In early January 2020, Mr. Alholm had a phone call with VLG employee, Mr. G, about Mr. G resigning from VLG. Mr. G was seemingly uncomfortable to talk to Mr. Alholm. At the time, Mr. Alholm believed that there was another VLG employee in Mr. G's office and therefore, Mr. G was unwilling to speak candidly.

27. On January 9, 2020, Mr. G called Mr. Alholm to caution him about what he discussed on his work phone because all phone calls made on VLG phones were being recorded and existed in a database on the computer. Mr. G informed Mr. Alholm that he was able to "look up" his phone calls, "click on them" and listen to them.

28. Upon learning of the illegal surveillance and inquiring about his ethical duties to the Illinois Attorney Registration Disciplinary Committee and the Tennessee Board of Professional Responsibility, Mr. Alholm resigned from VLG on January 24, 2020.

29. A VLG IT employee/consultant also told Mr. Alholm that all phone calls at the downtown Chicago office had been recorded, though at the time of the conversation, Mr. Alholm believed it was an innocent mistake that had been remedied.

### 3. **Plaintiffs Alicea and Del Real Discover Recordings of Calls Including Themselves, Plaintiff Villagomez, and Others**

30. On or after January 28, 2020, Plaintiffs Alicea and Del Real, along with another VLG employee, discovered dozens of recordings of telephone calls stored on the VLG telephone system. The recordings included telephone calls between Plaintiffs Alicea and Del Real, other VLG employees, and VLG clients.

31. Plaintiff Del Real downloaded a subset of these recordings, which she subsequently learned totaled 39 call recordings, and preserved these calls on a USB drive.

32. Neither Plaintiff Alholm, Alicea, Del Real, nor any other Plaintiff or Class member was made aware that his or her telephone calls were being recorded, nor did any Class member consent to the recording of their telephone calls.

33. VLG's year 2020 employee manual did not disclose to VLG employees that their telephone calls may or would be recorded.

34. Attorney Robert Sweeney presented the 2020 employee manual to VLG employees at an in-person meeting in or about December 2019. Attorney Robert Sweeney did not disclose to VLG employees that their telephone calls may or would be recorded.

## II. VLG's Actions Continue to Cause Professional Harm to Plaintiffs and the Class

35. As a result of VLG's actions, Mr. Alholm suffered and continues to suffer reputational harm, invasion of privacy, and his forced resignation.

36. As a result of VLG's actions, Plaintiffs and all class members suffered an invasion of privacy and other harms associated with the illicit recording of their telephone calls.

## **TOLLING AGREEMENTS, *AMERICAN PIPE* TOLLING, DISCOVERY RULE, FRAUDULENT CONCEALMENT TOLLING, AND ESTOPPEL**

37. Plaintiffs repeat and re-allege the allegations set forth above. At all times relevant to this Complaint, Defendant and its agents took active steps to conceal their unlawful activities, including the unlawful recording and fraudulent acts alleged herein. For example and without limitation, Defendant and its agents concealed their efforts to wiretap Plaintiffs and the Class and continued to tell Plaintiffs and the Class that no recordings has been made.

38. As a result of VLG's actions, Plaintiffs and all class members suffered an invasion of privacy and other harms.

39. **Tolling Agreements:** Plaintiff Alholm and Defendant entered into two Tolling Agreements (*see* the Court's January 17, 2023 Memorandum Opinion and Order at 7 n.3 (discussing January 8, 2022 Tolling Agreement and March 4, 2022 Tolling Agreement)) which expressly tolled claims brought by Plaintiff Alholm ***and the Employee Wiretap Class*** against VLG under the Federal Wiretap Act, 18 U.S.C. §§ 2511 *et seq.*, the Tennessee Wiretapping and Electronic Surveillance Act, T.C.A. § 39-13-601 *et seq.*, and/or the Illinois Eavesdropping Act, 720 ILCS 5/14 *et seq.* The Court previously held that these Tolling Agreements rendered the initial Complaint timely filed, which preserves ***all*** Employee Wiretap Class members' claims pursuant to the express terms of the two Tolling Agreements.

40. ***American Pipe*** **Tolling:** All Class members' claims are tolled as of the date of the filing of this action, April 7, 2022. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983) ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative

class until class certification is denied."). Because this Class Action was commenced within two years of Plaintiff Alholm's discovery of call recordings, as extended by the Tolling Agreements described above, all Class Members' claims are timely.

41. **Discovery Rule:** Plaintiff Alholm had no knowledge of the harms alleged herein, or of facts sufficient to place him on inquiry notice of the claims set forth herein, until on or about (at the earliest) January 9, 2020, the date upon which Mr. Alholm learned of the illegal recording at issue in this case. The remaining Plaintiffs had no knowledge of the harms alleged herein, or of facts sufficient to place them on inquiry notice of the claims set forth herein, until (in Plaintiff Alicea and Plaintiff Del Real's case) when they discovered call recordings in or after late January 2020 and (in the remaining Plaintiffs' case) when this lawsuit was filed April 7, 2022. Before and following those dates, Defendant actively concealed the fraud and illegal recording in this case both from Plaintiffs and the Class. For these reasons, and subject to the other tolling arguments herein, the statute of limitations as to Plaintiffs' and the Class's claims did not begin to run until each Plaintiff's discovery of VLG's recording practices, and has been tolled with respect to the claims that Plaintiffs and the members of the Class have alleged in this Complaint.

42. **Fraudulent Concealment:** In the alternative, application of the doctrine of fraudulent concealment tolled the statute of limitations on the claims asserted herein by Plaintiffs and the Class. Plaintiffs and the members of the Class did not discover, and could not discover through the exercise of reasonable diligence, the existence of the illegal recording and fraud alleged herein until on or about (in the case of Plaintiff Alholm only, at the earliest) January 9, 2020, (in the case of Plaintiffs Alicea and Del Real only, at the earliest) late January 2020, and/or (in the case of remaining Plaintiffs) April 7, 2022.

43. Before those times, Plaintiffs and the members of the Class were unaware of Defendant's unlawful conduct, and did not know before then that Defendant was illegally recording and defrauding Plaintiffs and Class members. Defendants provided no information, actual or constructive, to Plaintiffs and members of the Class that they were being injured by Defendants' unlawful conduct, and moreover took steps to conceal that conduct before and after January 9, 2020. Defendant specifically denied recording Plaintiffs and the Class up through and through the date of the filing of the April 7, 2022 Complaint, and indeed still deny it to the present day, and Plaintiffs and the members of the Class could not have discovered the alleged unlawful activity, including the conspiracy or combination alleged herein, at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by the Defendant and its agents to avoid detection of, and fraudulently conceal, its and their unlawful conduct.

44. As described above, VLG and Mr. Alholm executed an agreement, for good and valuable consideration, that tolled the statute of limitations with respect to the illegal call recording allegations in this Complaint on behalf of Mr. Alholm and the proposed Class members. Plaintiffs rely on that agreement in bringing these claims on behalf of themselves and the Class.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs bring this action on behalf of themselves, and behalf of all other persons similarly situated (hereinafter and before referred to as "the Class").

46. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons in the United States whose wire, oral, or electronic communications were intercepted by Defendant VLG from January 9, 2018 through the present.

Collectively, all these persons will be referred to as "Class members."

47. Plaintiffs represent, and are members of, the Class. Excluded from the Class is Defendant and any entities in which a Defendant has a controlling interest, Defendant's partners, officers, directors, agents and legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, Plaintiffs' counsel, and Defendant's Counsel.

48. Plaintiffs do not know the exact number of members in the Class, but on information and belief, the number of Class members at minimum is in the hundreds.

49. Plaintiffs and all members of the Class have been harmed by Defendant's acts, including, but not limited to, intercepting and/or recording Class members' wire, oral, and/or electronic communications during the class period.

50. This Class Action Complaint seeks injunctive relief and money damages.

51. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant and/or any vendors who intercepted and/or recorded the illegal calls on its behalf.

52. There are well defined, nearly identical, questions of law and fact affecting all Class members. The questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant illegally intercepted the wire, oral, and/or electronic communications of Plaintiffs and the Class;

b. Whether Defendant is liable to Plaintiffs and the Class for damages, and the amount of such damages;

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

53. As persons whose phone calls were intercepted, recorded, and monitored without their knowledge or consent, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class and have no interests which are antagonistic to any member of the Class.

54. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state fraud and wiretapping statutes, including federal and state consumer protection claims involving statutory damages such as those brought under the Wiretap Act.

55. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the Wiretap Act. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for the violation of the Wiretap Act are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because damages are set by statute and the Class and class period are discrete.

56. Defendant has acted on grounds applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole, most appropriate. Moreover, on information and belief, Plaintiffs allege that the Wiretap Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FEDERAL WIRETAP ACT, 18 U.S.C. §§ 2511, *ET SEQ.*
(On Behalf of Plaintiffs and the Class)

57. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

58. 18 U.S.C. § 2511 provides, in relevant part, that:

> (1) . . . [A]ny person who--(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; [or] (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

59. Upon information and belief, VLG has intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' and Class members' wire or electronic communications in violation of 18 U.S.C. § 2511(1)(a), as alleged herein; and/or

60. Upon information and belief, VLG has intentionally disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' and Class members' wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1)(c), as alleged herein; and/or

61. Upon information and belief, VLG has intentionally used, or endeavored to use, the contents of Plaintiffs' and Class members' wire or electronic communications, while knowing or

having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(d), as alleged herein.

62. VLG did not notify Plaintiffs or Class members of the above-described intentional interception, disclosure, and/or use of their wire or electronic communications, nor did Plaintiffs or Class members consent to such interception, disclosure, and or use.

63. Upon information and belief, VLG is currently engaged in and will continue to engage in the above-described intentional interception, disclosure, and/or use of Plaintiffs' and Class members' wire or electronic communications, and therefore, are entitled to and do seek injunctive relief prohibiting VLG from violating provisions of the Federal Wiretap Act in the future.

64. As a result of VLG's intentional interception, disclosure, and/or use of Plaintiffs' and Class members' wire or electronic communications in violation of 18 U.S.C. § 2511 *et seq.*, Plaintiffs and each Class member are entitled to: actual damages and any profits made by VLG as a result of its violations; or statutory damages of whichever is the greater of $100 per day for each day of violation or $10,000; punitive damages; and an award of attorneys' fees and costs, pursuant to 18 U.S.C. § 2520.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TENNESSEE WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT, T.C.A. § 39-13-601, *ET SEQ.***
**(On Behalf of Plaintiffs and the Class)**

65. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

66. T.C.A. § 39-13-601 provides, in relevant part, that:

> (a)(1) . . . [A] person commits an offense who: (A) Intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . (C)

13

> Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection (a); or (D) Intentionally uses, or endeavors to use, the contents of any wire, oral or electronic communication, knowing or having reason to know, that the information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection (a).
>
> It further provides that:
> A violation of subdivision (a)(1) . . . shall be subject to suit as provided in § 39-13-603.

67. Upon information and belief, VLG has intentionally intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' and Class members' wire or electronic communications in violation of T.C.A. § 39-13-601(a)(1)(A), as alleged herein; and/or

68. Upon information and belief, VLG has intentionally disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' and Class members' wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of T.C.A. § 39-13-601(a)(1)(C), as alleged herein; and/or

69. Upon information and belief, VLG has intentionally used, or endeavored to use, the contents of Plaintiffs' and Class members' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of T.C.A. § 39-13-601(a)(1)(D), as alleged herein.

70. VLG did not notify Plaintiffs or Class members of the above-described intentional interception, disclosure, and/or use of their wire or electronic communications, nor did Plaintiffs or Class members consent to such interception, disclosure, and or use.

14

71. Upon information and belief, VLG is currently engaged in and will continue to engage in the above-described intentional interception, disclosure, and/or use of Plaintiffs' and Class members' wire or electronic communications, and therefore, are entitled to and do seek injunctive relief prohibiting VLG from violating provisions of the Tennessee Wiretapping and Electronic Surveillance Act in the future.

72. As a result of VLG's intentional interception, disclosure, and/or use of Plaintiffs' and Class members' wire or electronic communications in violation of T.C.A. § 39-13-601 *et seq.*, Plaintiffs and each Class member are entitled to: actual damages and any profits made by VLG as a result of its violations; or statutory damages of whichever is the greater of $100 per day for each day of violation or $10,000; punitive damages; and an award of attorneys' fees and costs, pursuant to T.C.A. § 39-13-603.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE ILLINOIS EAVESDROPPING ACT,**
**IL ST CH 720 § 5/14-1, *ET SEQ.***
**(On Behalf of Plaintiffs and the Class)**

73. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

74. 720 Ill. Comp. Stat. Ann. 5/14-2 provides, in relevant part, that:

> (a) A person commits eavesdropping when he or she knowingly and intentionally: (1) Uses an eavesdropping device, in a surreptitious manner, for the purpose of overhearing, transmitting, or recording all or any part of any private conversation to which he or she is not a party unless he or she does so with the consent of all of the parties to the private conversation; (2) Uses an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation; . . . or (5) Uses or discloses any information which he or she knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of this Article, unless he or she does so with the consent of all of the parties.

15

75. Upon information and belief, VLG has knowingly and intentionally used an eavesdropping device, in a surreptitious manner, for the purpose of overhearing, transmitting, or recording all or any part of Plaintiffs' and Class members' private conversation, communications in violation of 720 Ill. Comp. Stat. Ann. 5/14-2(1), as alleged herein; and/or

76. Upon information and belief, VLG used an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which VLG agents or employees were a party in violation of 720 Ill. Comp. Stat. Ann. 5/14-2(2), as alleged herein; and/or

77. Upon information and belief, VLG has used or disclosed any information which it knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of 720 Ill. Comp. Stat. Ann. 5/14-1 *et seq.*, as alleged herein.

78. VLG did not notify Plaintiffs or Class members of the above-described intentional interception, disclosure, and/or use of their wire or electronic communications, nor did Plaintiff or Class members consent to such interception, disclosure, and or use.

79. Upon information and belief, VLG is currently engaged in and will continue to engage in the above-described intentional interception, disclosure, and/or use of Plaintiffs' and Class members' wire or electronic communications, and therefore, are entitled to and do seek injunctive relief prohibiting VLG from violating provisions of the Illinois Eavesdropping Act in the future.

80. As a result of VLG's intentional interception, disclosure, and/or use of Plaintiffs' and Class members' wire or electronic communications in violation of 720 Ill. Comp. Stat. Ann. 5/14-1 *et seq.*, Plaintiffs and each Class member are entitled to: an injunction by this Court

prohibiting further prohibiting further eavesdropping by VLG; actual damages as a result of VLG's violations; and punitive damages, pursuant to 720 Ill. Comp. Stat. Ann. 5/14-6.

## FOURTH CAUSE OF ACTION
## MISAPPROPRIATION OF LIKENESS IN VIOLATION OF THE TENNESSEE PERSONAL RIGHTS PROTECTION ACT OF 1984, T.C.A. § 47-25-1101, *ET SEQ.*
### (On Behalf of Plaintiff Daniel Alholm, individually)

81. Plaintiff Alholm incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

82. T.C.A. § 47-25-1105 provides, in relevant part, that:

> (a) Any person who knowingly uses or infringes upon the use of another individual's name, photograph, or likeness in any medium, in any manner directed to any person other than such individual, as an item of commerce for purposes of advertising products, merchandise, goods, or services, . . . without such individual's prior consent, . . . shall be liable to a civil action.

83. VLG knowingly and intentionally used Mr. Alholm's name, photograph, and likeness on VLG's website without his permission to falsely advertise Mr. Alholm as an attorney employed by VLG in violation of T.C.A. § 47-25-1105.

84. VLG willfully continued to falsely advertise Mr. Alholm as a VLG employee when Mr. Alholm's name, photograph, and likeness remained on VLG's website for 27 months after Mr. Alholm departed and many months after he requested that his name and photograph be removed.

85. Mr. Alholm's likeness continues to be displayed on VLG's website to this day.

86. As a result of VLG's knowing and intentional use of Mr. Alholm's name, photograph, and likeness impermissibly for over 27 months, Mr. Alholm suffered actual damages as described herein.

## FIFTH CAUSE OF ACTION
## MISAPPROPRIATION OF LIKENESS IN VIOLATION OF THE ILLINOIS RIGHTS OF PUBLICITY ACT, 765 Ill. Comp. Stat. Ann. 1075/1, *ET SEQ.*
### (On Behalf of Plaintiff Daniel Alholm, individually)

17

87. Plaintiff Alholm incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

88. 765 Ill. Comp. Stat. Ann. 1075/30 provides, in relevant part, that:

> (a) A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person. . .

89. VLG knowingly and intentionally used Mr. Alholm's name and photograph on VLG's website to falsely advertise Mr. Alholm as an attorney employed by VLG in violation of 765 Ill. Comp. Stat. Ann. 1075/30.

90. VLG's use of Mr. Alholm's name and photograph on its website was for a "commercial purpose" as defined by 765 Ill. Comp. Stat. Ann. 1075/5.

91. VLG did not obtain Mr. Alholm's consent for the continued use of is name and photograph as required by 765 Ill. Comp. Stat. Ann. 1075/30.

92. VLG's continued use Mr. Alholm's name and photograph, purporting him to be a VLG employee, on VLG's website for many months after Mr. Alholm requested that his name and photograph be removed, constitutes a willful violation of 765 Ill. Comp. Stat. Ann. 1075/30.

93. As a result of VLG's knowing, intentional, and willful use of Plaintiff's name and photograph, Plaintiff is entitled to: the greater of Mr. Alholm's actual damages, VLG's profits derived from its unauthorized use, or $1,000; punitive damages pursuant to 765 Ill. Comp. Stat. Ann. 1075/40; and attorney's fees and costs pursuant to 765 Ill. Comp. Stat. Ann. 1075/55.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully requests that the Court grant Plaintiffs and all Class members the following relief against Defendant:

      A.      Injunctive relief prohibiting such violations of the Wiretap Act by Defendant in the future;

      B.      A judgment in favor of Plaintiffs and the Class awarding them appropriate monetary relief, including actual damages, punitive damages, attorney fees, expenses, and costs;

      C.      As a result of Defendant's violations of 18 U.S.C. § 2511 *et seq.* and T.C.A. § 39-13-601 *et seq.*, Plaintiffs seek for themselves and each Class member $100 per day of violation or $10,000, whichever is greater, in statutory damages for each and every violation of the Wiretap Act and related state statutes;

      D.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

      E.      An order certifying this action as a class action under Federal Rules of Civil Procedure 23, establishing an appropriate Class (and any subclasses the Court deems appropriate), defining the Class as requested herein, appointing the undersigned as Class counsel, and finding that Plaintiffs are proper representatives of the Class requested herein;

      F.      An order requiring Defendant pay the costs involved in notifying the Class members about the judgment and administering the claims process;

      G.      A trial by jury on all counts so triable; and

      H.      Such other relief as the Court deems just and proper.

Dated: August 12, 2023            Respectfully submitted,

*/s/ John T. Spragens*

John Spragens (TN Bar No. 31445) (N.D. Ill. General Bar)
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

Mark Hammervold, IL #6320744 (N.D. Ill. Trial Bar)
Hammervold Law, LLC
155 S. Lawndale Ave.
Elmhurst, IL 60126
(405) 509-0372
mark@hammervoldlaw.com

*Counsel for Plaintiffs and the Proposed Class*