IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL ALHOLM, individually and on behalf of those similarly situated, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE VRDOLYAK LAW GROUP, LLC, <br><br> *Defendant*. | Case No. 1:22-cv-01820 <br><br> Hon. Mary M. Rowland |

## DEFENDANT'S MOTION TO BAR WITNESS

NOW COMES Defendant, the Vrdolyak Law Group, LLC ("VLG"), by and through its undersigned counsel, for its motion to bar the testimony of third-party witness Laura Chastain, states as follows:

Plaintiffs Daniel Alholm ("Alholm"), Jeanette Alicea, Lucero Del Real, Daniel Gallagher, Penny Jackson, Rodney Smith, and Erica Villagomez (together, "Defendants") have, through their witness disclosures, indicated their intent to call Laura Chastain as a witness at trial "to rebut anticipated VLG defenses against Alholm." Chastain is an employee of the Tennessee Board of Professional Responsibility ("TBPR") who, to date, has refused to submit to a deposition—meanwhile providing Alholm with written documentation she has refused to produce to VLG. It would be unfair and prejudicial to allow Chastain to testify at trial when she refuses to provide VLG the opportunity to depose her beforehand.

## BACKGROUND FACTS

Some of the underlying facts have been gleaned from the Parties' related state case, in which VLG is pursuing defamation, fiduciary breach, and tortious interference claims against

Alholm. There, Alholm has contended that he reached out to the TBPR and spoke with Chastain regarding his purported concerns about alleged wiretapping at VLG, and further stated that Chastain instructed him to resign from VLG and offer to represent VLG's clients independently.

After learning of these alleged representations, VLG subpoenaed the TBPR for Chastain's relevant records regarding her and Alholm's conversation. The TBPR refused to produce records. Chastain then refused to submit to any deposition, and the TBPR's Deputy Chief Disciplinary Counsel asserted that all such records were confidential and privileged pursuant to Tennessee Supreme Court Rules 32.1, 32.5, and 32.7. (Letter from TBPR counsel dated October 27, 2023, attached hereto as <u>Exhibit A</u>.) In further conversations between the TBPR and VLG's counsel, the TBBR represented that it would not provide any documentation or testimony to any party. To VLG's surprise and consternation, however, Chastain has—through unknown channels—provided Alholm with two separate documents purporting to consist of a business record memorializing their conversation and two sworn declarations purporting to describe the same, all of which would fall under the purported confidentiality asserted by the TBPR. The TBPR has, to date, provided no explanation as to why or how Chastain provided these materials to Alholm in violation of the TBPR's claimed confidentiality and privilege policies, despite VLG's attempts to discuss the issue. Chastain continues to refuse to make herself available for any deposition.

Despite Chastain's unjustified stonewalling, Plaintiffs have disclosed their intent to call her as a witness at trial.

## ARGUMENT

Unless and until Chastain submits to a deposition, this Court should bar Alholm from using her to provide any trial testimony, including as a purported foundation witness for documents. It would be prejudicial to permit Alholm to elicit testimony from a witness who refuses to submit to

a deposition by VLG. "It is well settled that federal courts enjoy broad discretionary powers over the conduct of pre-trial discovery." *Ohio-Sealy Mattress Mfg. Co. v. Duncan*, 95 F.R.D. 99, 100 (N.D. Ill. 1982); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014) ("[A] district court has broad discretion over pretrial discovery rulings[.]").

Alholm has long insisted that he informed others about VLG's purported phone recordings, and sought to take VLG's clients, based on Chastain's advice. He and the other Plaintiffs now seeks to use Chastain as a trial witness without allowing VLG the opportunity to cross examine Chastain about these communications. The prejudice is compounded by Chastain and the TBPR's current position that her communications with Alholm are privileged and confidential—despite Chastain's repeated unilateral and apparently violative communications with Alholm—including the creation and provision of sworn declarations and ostensibly confidential documentation during this litigation.

What neither VLG nor the Court can tell—and what VLG would question Chastain about in a deposition—is the nature, content, and details of what Alholm told Chastain during their telephonic conversation which purportedly elicited her advice. It is entirely possible that Alholm made false or incomplete statements to Chastain with the intent of securing her ethical opinion as a pretext—without her deposition, VLG has no way of determining that to any reasonable degree of certainty. Alholm should not be allowed to bolster his own testimony with hearsay from a witness who refuses to be deposed. "A court surely can bar the testimony of a witness who refuses to submit to a deposition or to produce the materials he reviewed prior to testifying[.]" *Northbrook Excess & Surplus Ins. Co. v. Pine Top Ins. Co.*, 1988 WL 142218, at *1 (N.D. Ill. Dec. 28, 1988).

Plaintiffs' position is made even more prejudicial because of Chastain and the TBPR's position that her communications with Alholm were privileged. To the extent any such privilege ever attached, Alholm has waived it by putting Chastain's advice directly at issue in the state suit (and Chastain and the TBPR waived it because Chastain executed *two* declarations and provided materials to Alholm for use in that matter). Waiver occurs "where a party voluntarily injects either a factual or legal issue into the case, the truthful resolution of which requires an examination of the confidential communications." *Lama v. Preskill*, 353 Ill. App. 3d 300, 305 (2d Dist. 2004).

Unless and until Chastain is made available and deposed in this matter, the Court should bar her use as a trial witness. Additionally, unless Chastain is offered for deposition, Plaintiffs should be barred from making any reference to Alholm's purported reliance on her advice at trial. VLG would be substantially prejudiced if Alholm is allowed to state or suggest that he took action based on the advice of a person whom VLG cannot evaluate or cross-examine before trial.

## CONCLUSION

WHEREFORE, Defendant the Vrdolyak Law Group, LLC prays that the Court grant the instant motion, bar any testimony from Laura Chastain, and award such other and further relief as it deems necessary and proper.

Dated: March 29, 2024          Respectfully submitted,

/s/ Robert D. Sweeney
Robert D. Sweeney
Kristin R. Rakowski
William C. O'Hara
Nicole E. DiOrio
SWEENEY, SCHARKEY & BLANCHARD LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500

*Counsel for Defendant Vrdolyak Law Group, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all parties of record.

                                                      /s/ William O'Hara