IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL ALHOLM, JEANNETTE ALICEA, LUCERO DEL REAL, DANIEL GALLAGHER, PENNY JACKSON, RODNEY SMITH, and ERICA VILLAGOMEZ, individually and on behalf of those similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 1:22-cv-01820 |
| v. | ) | Hon. Georgia N. Alexakis |
| THE VRDOLYAK LAW GROUP, LLC, | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFFS' MOTIONS IN LIMINE**

Plaintiffs Daniel Alholm, Jeannette Alicea, Lucero Del Real, Daniel Gallagher, Penny Jackson, Rodney Smith, and Erica Villagomez (collectively, "Plaintiffs") respectfully submit the following motions in limine. Before filing, Plaintiffs' counsel conferred with Defendant The Vrdolyak Law Group, LLC's ("VLG") counsel about each motion via telephone on October 19, 2026. VLG's counsel opposed the motions except as otherwise indicated below.

1. **Defendant should be precluded from assigning blame to non-parties, particularly its own agents.**

VLG has at no point in this litigation alleged that Plaintiffs' injuries were the result of any act or omission by a third party, nor did VLG plead as an affirmative defense that any third party was liable for the claims pled in the operative Complaint. (Dkt. 73 at 23-24 [Affirmative Defenses].) Nor has VLG alleged that any third party—including Mike Conlee or his related companies, Surge IT and Sipcomm, Inc.—was responsible either intentionally, recklessly, knowingly, or negligently for initiating phone

recording across its FreePBX phone system or for recording individual calls through VLG's FreePBX phone system.

Accordingly, VLG has forfeited this defense as a matter of federal notice pleading, *see generally Burton v. Ghosh*, 961 F.3d 960 (7th Cir. 2020), and Plaintiffs would be prejudiced by the interjection of such an affirmative defense in this case at this late stage, mere weeks before trial. VLG should not be permitted to argue that if anyone is liable, it is a third party such as Mike Conlee, Surge IT, or Sipcomm—particularly so because Conlee, Surge IT, and Sipcomm were VLG's agents, acting at VLG's direction and control (*see* Plaintiffs' contemporaneously filed Motion for Spoliation Sanctions).

**2. Defendant should be precluded from eliciting or offering expert opinion testimony on any topic, given Defendant's failure to disclose any retained or non-retained witness qualified to offer expert opinions.**

VLG did not provide a Rule 26 expert disclosure and has therefore put forth no witness possessing the requisite "scientific, technical, or other specialized knowledge," "based on sufficient facts or data," and/or "reliable principles and methods" to offer expert opinion testimony under Fed. R. Evid. 702 as to the configuration or operation of call-recording on VLG's FreePBX system, or any other topic. *See Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017) ("In performing its gatekeeper role under Rule 702 and *Daubert*, 'the district court must engage in a three-step analysis before admitting expert testimony. It must determine whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue."'") (quoting *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010) (citing generally *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999)) (other citations omitted).

VLG disclosed no expert witness providing a written report under Rule 26(a)(2)(B)—nor any

non-retained witness qualified to offer expert opinion testimony under Rule 26(a)(2)(C)—and should be barred from eliciting expert opinions on ***any topic*** due to its failure to disclose witnesses who may offer expert opinion testimony consistent with this Court's scheduling order (or the provisions of Rule 26(a)(2)(D)). The Court confirmed that VLG would be barred from disclosing expert testimony in its ruling on May 15, 2025. (Dkt. 112 ("Defendant's oral motion to keep expert discovery open is denied.").) Accordingly, VLG should be precluded from eliciting or offering expert opinion testimony at trial.

In any event, any expert opinion testimony VLG could theoretically offer is fatally flawed. The court has already determined that "[Mike] Conlee's credibility suffers due to failures in recollection and lack of knowledge," privileging Dean Walker's testimony over Mr. Conlee's. (Dkt. 195 at p. 16). Mr. Conlee testified that he had no firsthand knowledge of how call recording could be activated in the FreePBX system, nor how it might be activated by individual users through "code recording" [*sic*]. *Id*. Conlee lacks the relevant expertise, skill, or technical knowledge to allow him to testify to expert opinions.

Likewise, VLG partner Steve Armbruster has neither technical knowledge nor first-hand knowledge, having admittedly based all of his own conclusions about call recording based on the hearsay statements of Conlee and Dean Walker. (Ex. 1, Armbruster Tr. at 108:20-113:5.) There is similarly no indication in the record that any other VLG employee possess the requisite technical knowledge—and in any event, VLG disclosed no retained or non-retained witnesses who may provide expert opinion testimony. No such testimony should be permitted.

**3. The Court should preclude argument or testimony that VLG employees had no reasonable expectation of privacy, or a diminished expectation of privacy, when using the VLG phone system.**

VLG has in its previous filings argued that neither its employees, clients, potential clients, nor

anyone else had a reasonable expectation of privacy in phone calls made through VLG's phone system. (Dkt. 57 at 7) ("VLG could not have surreptitiously recorded its own conversations, as no caller on VLG business lines could have expected the content of their calls not to be shared within VLG.").

This contention is contradicted by witnesses for both parties. According to VLG Managing Partner Eddie Vrdolyak, Jr., employees should have an expectation of privacy about calls placed on VLG phones, and it would be "100 percent" wrong to record employees' calls without informing them "because I don't think you have a right to do that." (Exhibit 2, E. Vrdolyak Tr. at 167:17-24, 169:6-13.) Vrdolyak testified that defense counsel Robert Sweeney advised VLG on employment and human resources policies and developed the VLG employee handbook that was distributed in late 2019 (*Id.* at 14:11-15:14). Mr. Vrdolyak confirmed that the handbook did not say anything about possible call recording at VLG. ("I would say that's for sure.") (*Id.* at 14:11-15:14).

Plaintiff Jeannette Alicea testified that Mr. Sweeney presented the employee handbook to the entire firm during a meeting involving all VLG personnel, who attended both in-person and by videoconference. (Ex. 3, Alicea Tr., at 166:14-167:17). Nothing in the manual asserted VLG's right to recall phone calls or notified employees that VLG might do so. Ms. Alicea further testified that Mr. Sweeney in his presentation similarly said nothing about potential call recording, nor employees' expectation of privacy on VLG phones. (*Id.* at 166:14-169:23)

VLG employee Dalia Martinez, who described her role at VLG in 2019 as "a developing role in the Human Resources realm," (Ex. 4 Martinez Tr., at 13:8-9), confirmed that she collaborated with Sweeney in creating the handbook. (*Id.* at 15:2-11). Ms. Martinez similarly testified that the handbook did not tell employees that their calls may be monitored; that she was never advised that her calls might be recorded; and that she never heard a prerecorded disclaimer on the phone. (*Id.* at 15:21-16:14).

VLG has brought forth no evidence that a reduced expectation of privacy was ever communicated to VLG's employees, clients, or potential clients. VLG has therefore either waived the argument or made Mr. Sweeney a material fact witness. VLG has been aware of this issue since Plaintiffs raised it several years ago. (Dkt. 59, pp. 9-10; Dkt. 131, p. 2).

**4. VLG should not be permitted to argue or suggest that Plaintiff Lucy Del Real recorded calls herself using a device other then VLG's phone system.**

VLG has brought forward no evidence (other than insinuation by VLG's counsel during questioning) that Plaintiff Lucy Del Real, who discovered the 39 audio recordings, activated call-recording on her own phone line at VLG, nor that she created her recordings using any device other than VLG's phone system. Likewise, no evidence exists that any plaintiff activated a call-recording feature or recorded calls using a third-party device. Any argument or suggestion to the contrary is not evidence, much less relevant evidence, and is inadmissible under Fed. R. Evid. 402 and 701.

Grant Stoffle, who along with Dahlia Martinez were the VLG employees "responsible for VLG's telephone system" (Ex. 5, VLG Response to Plaintiffs' Interrogatory No. 3) testified that to his knowledge individual users did not have the ability within the FreePBX system to activate call recording on their own. (Ex. 6, G. Stoffle Tr. at 111:19-25). Mike Conlee, who ran the phone system through his company Sipcomm, testified that "[c]all recording is an all or none" proposition, with the function only able to be activated by a back-end user with administrative privileges, and that "[p]robably none" of VLG's personnel would be able to activate it. (Ex. 7, Conlee Tr. at 50:2-52:4). Defense counsel repeatedly asked questions suggesting that Ms. Del Real may have recorded calls using an external, third-party device, but neither produced nor elicited evidence of the same. (Ex. 8, Del Real Tr. at 100:1-102:2).

Only Jeff Norris, whom the Court has already found "has no personal knowledge of VLG's

FreePBX system," (Dkt. 195, p. 16), suggested that call recording could have been activated as to a single call by an individual user by entering a three-digit code; but emphasized that such a feature was not "common knowledge and I don't even know if Mike [Conlee] even knows that that's there. It's something that was brought up in some of my classes." (Ex. 9, Norris Tr. at 33:18-34:3).

VLG has offered neither admissible evidence nor expert opinion testimony to show that Ms. Del Real or any other user had the knowledge or ability to individually activate call recording; that the FreePBX system allowed individual users to activate call recording; that any user possessed an activation code like the one described by Norris; nor that such a code would activate recording on the FreePBX system.

Lay witness opinion testimony is inadmissible to support such a theory because no witness claims to have observed an individual user activate call recording at VLG, and therefore cannot offer an opinion "rationally based on the witness's perception." Fed. R. Evid. 701(a). No lay witness has offered "scientific, technical, or other specialized knowledge" under Fed. R. Evid. 701(c) to opine about individual activation, and Jeff Norris' speculation on the point does not stem from his personal knowledge, nor did VLG disclose him as an expert. Because there is no basis for such opinion, they would also not be helpful to the jury under Fed. R. Evid. 701(b), and are irrelevant. Accordingly, testimony that Ms. Del Real activated call recording or used a third-party recording device should be excluded at trial.

**5. VLG should not be permitted to argue or suggest that Plaintiffs conspired to frame VLG for call recording, and/or that Alholm's exit from VLG was coordinated with any other Plaintiff.**

VLG has not developed any evidence that—and should be barred from arguing, questioning, or suggesting that—any two or more of the Plaintiffs conspired or acted in concert either to fabricate their allegations of call recording, or that Mr. Alholm's exit from VLG was planned in concert with any

other Plaintiff.

This motion is based on VLG's extensive and fruitless questioning—particularly of Plaintiff Del Real and Plaintiff Alicea—regarding their interpersonal text messages, social interactions, and discussions regarding the lawsuit. (Ex. 8, Del Real Tr. at 109:9-121:17; Ex. 3, Alicea Tr. at 98:14-115:6). Nothing in the record suggests any ulterior or improper motive by any Plaintiff, nor should VLG's attorney's questioning, based on no evidence, be allowed to suggest a theory to the jury absent any admissible evidence to support that theory.

Unsupported by evidence, such insinuations constitute improper character evidence under Fed. R. Evid 404 and 405; improper impeachment under Fed. R. Evid. 608; and are irrelevant under Fed. R. Evid. 402. They should be disallowed.

**6. VLG should not be permitted to argue or suggest that Alholm developed a scheme to steal clients from VLG; alternatively, Plaintiffs should be permitted to introduce testimony and evidence about Alholm's communications with relevant state authorities.**

VLG has not developed any evidence of, and should be barred from arguing, questioning, or suggesting that Mr. Alholm's allegations originating in his resignation letter of January 24, 2020 were falsely made to encourage clients to leave VLG in favor of Alholm's independent, continued representation.

This Motion is based on assertions made in VLG's Complaint against Alholm in Cook County, in which VLG accuses Mr. Alholm of "false statements" and other "reckless, tortious and unlawful conduct in attempting to disrupt VLG's business and, in the process, steal VLG's clients." (Ex. 10, February 20, 2020 Complaint, at ¶¶ 30-39). VLG alleged that Alholm told clients "that VLG had no attorneys to service clients in the Nashville office when in fact, it did" (*Id*. at ¶ 35) and that "Five of the 12 clients Alholm identified in his memo" as wanting to leave VLG "expressed no desire to

discontinue their relationship with VLG, contrary to Alholm's representation." (*Id*. at ¶ 39).

Defendants have brought forth no proof in the instant lawsuit to support these allegations. Unsupported by evidence, such insinuations constitute improper character evidence under Fed. R. Evid 404 and 405; improper impeachment under Fed. R. Evid. 608; and are irrelevant under Fed. R. Evid. 402.

To the extent VLG is allowed to argue that Mr. Alholm devised a scheme to steal its clients, Plaintiffs should be permitted to introduce Mr. Alholm's communications with the Illinois Attorney Registration and Disciplinary Commission and Tennessee Board of Professional Responsibility, and related testimony from Mr. Alholm regarding his efforts to obtain guidance about his professional obligations once he developed a belief that VLG was recording its telephone calls.

**7. Evidence regarding Mr. Alholm's use of alcohol.**

VLG has represented to Plaintiffs that it does not intend to offer such evidence, and the parties expect to resolve this motion via stipulation.

Date: October 19, 2026

Respectfully submitted,

John Spragens, TN Bar No. 31445
SPRAGENS LAW PLC
915 Rep. John Lewis Way S., Suite 100
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, a true and accurate copy of the foregoing Motions in Limine have been served via the Court's CM/ECF system upon:

Robert D. Sweeney
Erin I. Wenger
Kristin L. Rokowski
SWEENEY SCHARKEY LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500

*Counsel for Defendant Vrdolyak Law Group, LLC*

John Spragens